UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,              No. 16-CR-20439

-vs-                        Hon. Matthew F. Leitman

D-1   CYNTHIA FLOWERS,

              Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

### I. BACKGROUND AND GOVERNMENT'S SENTENCE RECOMMENDATION

Defendant Cynthia Flowers was employed as the administrative manager of Perfecting Church, a congregation of several thousand people located in Detroit. Her duties included overseeing the church's financial affairs.  Over a period of time, defendant embezzled a substantial amount of cash.

She used the cash to purchase money orders at a number of U.S. Postal Service branches in metropolitan Detroit.  She structured her purchases of the money orders so that she would not trigger the reporting requirements of the Bank

Secrecy Act.  The USPS must report a customer's purchase of a money order with $3,000 or more in cash.

In July 2016, defendant pleaded guilty before this Court pursuant to a plea agreement to one count of structuring financial transactions to avoid the reporting of her financial activities to the federal government, as required by the Bank Secrecy Act.  For the reasons set forth below, the government requests this Court to find that defendant's advisory guideline range is **18-24 months** and recommends a sentence below that range.  In addition, the government requests this Court to impose a one-year term of supervised release.  The victim in this case is the federal government, but the nature of defendant's Bank Secrecy Act offense makes restitution inappropriate.

## II.  THE POST-*BOOKER* SENTENCING PARADIGM

This Court no doubt is very familiar with the basic sentencing process that exists post-*Booker*.  Although the guideline range is now advisory rather than mandatory, a district court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."  *Gall v. United States*, 552 U.S. 38, 49 (2007).  The district court should then consider the guideline range along with the other six factors prescribed in section 3553(a) before imposing sentence.[1]  *See,*

---

[1]  Section 3553(a) reads:

_____

*(a) Factors to be considered in imposing a sentence.* — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider —

*(1)* the nature and circumstances of the offense and the history and characteristics of the defendant;

*(2)* the need for the sentence imposed —

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> (B) to afford adequate deterrence to criminal conduct;

> (C) to protect the public from further crimes of the defendant; and

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

*(3)* the kinds of sentences available;

*(4)* the kinds of sentence and the sentencing range established for —

> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines — (i) issued by the Sentencing Commission . . . ; and (ii) that . . . are in effect on the date the defendant is sentenced;

.    .    .    .

*(5)* any pertinent policy statement —

> (A) issued by the Sentencing Commission . . . ; and

> (B) that . . . is in effect on the date the defendant is sentenced[;]

*(6)* the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

- 3 -

*e.g, Gall*, 552 U.S. at 49-50.  The Sixth Circuit "may conclude that a sentence is unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a)." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005).

In addition, the district court's consideration of the 3553(a) factors should be transparent:  the Sentencing Reform Act provides that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence."  18 U.S.C. § 3553(c).  "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007).

### III.  DEFENDANT FLOWERS' GUIDELINE RANGE

In the plea agreement in this case, the parties agree that defendant's guideline range is **<u>18-24 months</u>**.  Rule 11 Plea Agreement, p. 3.  The probation officer agrees.  *See* PSR ¶¶ 50-51.

---

*(7)* the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## IV.  THE OTHER 3553(a) FACTORS

### A.  The Nature and Circumstances of the Offense

A district court "shall consider — (1) the nature and circumstances of the

offense."  18 U.S.C. § 3553(a)(1).  Defendant exploited her position at Perfecting

Church over a period of several years to obtain a large amount of cash and then

took elaborate measures to hide what she had done.  She did this by using the cash

to purchase money orders at a number of U.S. Postal Service branches in

metropolitan Detroit between July 2013 and May 2015.  She structured her

purchases of the money orders so that she would not trigger the filing of Forms

8105-A, which the USPS must file with its Bank Secrecy Act Compliance Office

whenever a customer purchases a money order with $3,000 or more in cash.  By

engaging in this structuring, which involved her purchasing small money orders

with cash at numerous post office branches in metropolitan Detroit, defendant

ensured that the USPS BSA Compliance Office would not be alerted to her

conduct.  And that in turn ensured that the Compliance Office would not alert

FinCEN, the Financial Crimes Enforcement Network of the U.S. Department of

the Treasury, and prompt a heightened investigation by federal law enforcement

into the source of the cash.  Thus, defendant intentionally defeated the

- 5 -

administration of the Bank Secrecy Act, whose purpose is to, among other things, prevent financial institutions from being used to launder criminal proceeds.

During the two years in question, defendant purchased 168 postal money orders with $154,700 in cash. She used the postal money orders to pay what she owed on her personal American Express account.

## B. Defendant's History and Characteristics

A district court "shall consider — (1)  .  .  .  the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Defendant is 47 years old and single, and she has no children. She and her husband were divorced in January 2015. PSR ¶¶ 31, 33-34. She has a high school diploma and is close to getting a bachelor's degree. PSR ¶¶ 40-41. She has no criminal history. PSR ¶¶ 26-30.

Apart from the criminal activity underlying this prosecution, defendant appears to have led an extraordinarily exemplary life. The letters attached to Defendant's Sentencing Memorandum, which has been filed under seal, describe a woman of impressive character. She appears to have been instrumental in the establishment and growth of Perfecting Church. *See* Defendant's Sentencing Memorandum, Exhibit 1. Her volunteer activities are noteworthy and laudable, involving, among other things, "volunteering in community outreach services,

assisting with the youth, the homeless, and organizing food drives and the like."
Defendant's Sentencing Memorandum, Exhibit 3.

In addition, according to those who know her, defendant is genuinely remorseful. And her substantial repayment to Perfecting Church, *see* Defendant's Sentencing Memorandum, Exhibit 9, which is not required by the plea agreement, seems to be a concrete expression of that remorse.

### C. Punishment and Crime Control

A district court

shall consider —  . . .

(2) the need for the sentence imposed —

     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

     (B) to afford adequate deterrence to criminal conduct;

     (C) to protect the public from further crimes of the defendant; and

     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(2).

One important sentencing goal in white collar cases is general deterrence.

- 7 -

> Because economic and fraud-based crimes are "more rational, cool,
> and calculated than sudden crimes of passion or opportunity," these
> crimes are "prime candidate[s] for general deterrence."  Stephanos
> Bibas, *White-Collar Plea Bargaining and Sentencing After Booker*, 47
> Wm. & Mary L.Rev. 721, 724 (2005).  Defendants in white collar
> crimes often calculate the financial gain and risk of loss, and white
> collar crime therefore can be affected and reduced with serious
> punishment.

*United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006), *quoted in part in*

*United States v. Davis*, 458 F.3d 491, 499 (6th Cir. 2006).  Given society's

substantial interest in general deterrence, a term of imprisonment in this case

would not be out of place.

Just punishment is another factor.  But given the nature of defendant's

character and remorse, described above, as well as the fact that the head of

Perfecting Church asks this Court to "show mercy in judgment" and notes that

defendant "has volunteered over 1,400 hours from August 2015 until now,"

Defendant's Sentencing Memorandum, Exhibit 1, the government believes that

society's interest in punishment in this case is not exceedingly strong and does not

weigh in favor of a sentence of incarceration.

In addition, the government does not view incarceration as necessary in this case to deter defendant from committing additional crimes or as necessary to protect the public from defendant.

### D.  Restitution

A district court "shall consider — . . . (7) the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a)(7).  The victim in this case is the federal government, but the nature of defendant's Bank Secrecy Act offense makes restitution inappropriate.  *See* Rule 11 Plea Agreement, p. 5.

### V.  CONCLUSION

Taking all of the section 3553(a) factors into account as measured against the specific circumstances of this case, which are discussed above, the government submits that a sentence below defendant's **18-24 month** advisory guideline range would be appropriate.  Moreover, the government believes that the purposes of sentencing could probably be satisfied through the imposition of a sentence requiring the alternative sanctions of community confinement or home detention. And, in the government's view, the maximum term of supervised release

authorized by law, three years, is unnecessary.  A one-year term would suffice.

Respectfully submitted,

BARBARA L. MCQUADE
*United States Attorney*

s/Stephen L. Hiyama
STEPHEN L. HIYAMA
*Assistant United States Attorney*
211 West Fort Street, Suite 2001
Detroit, Michigan  48226-3220
phone:  313-226-9674
e-mail:  stephen.hiyama@usdoj.gov

Date:  November 10, 2016          bar no.:  P32236

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                        Plaintiff,                    No. 16-CR-20439

-vs-                                        Hon. Matthew F. Leitman

D-1   CYNTHIA FLOWERS,

                        Defendant.

_____/

## <u>CERTIFICATE OF SERVICE</u>

       I certify that on November 10, 2016, I electronically filed the *Government's Sentencing Memorandum* with the Clerk of the Court using the ECF system, which will send notification of such filing to the following ECF participant(s):  Allison Folmer.

                                      s/Stephen L. Hiyama
                                      STEPHEN L. HIYAMA
                                      *Assistant United States Attorney*
                                      211 West Fort Street, Suite 2001
                                      Detroit, Michigan  48226-3220
                                      phone:  313-226-9674
                                      e-mail:  stephen.hiyama@usdoj.gov

Date:  November 10, 2016            bar no.:  P32236