**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 2:16-CR-20439-001 |
| Plaintiff, | ) | |
| | ) | HON. MATTHEW F. LEITMAN |
| v. | ) | U.S. DISTRICT JUDGE |
| | ) | |
| CYNTHIA ELIZABETH FLOWERS, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT CYNTHIA FLOWERS' SENTENCING MEMORANDUM

Defendant Cynthia Flowers, by and through undersigned counsel, submits this Sentencing Memorandum, and asks this Court to fashion an appropriate probationary sentence, based upon the following facts.

*The Redemption of Cynthia Flowers:*
*A Devoted Woman of Faith & Community Servant*

This is the case of Cynthia Elizabeth Flowers. Ms. Flowers is a forty-six-year old, divorced woman. A life-long Michigander, Ms. Flowers owns her own business. She attended Wayne State University for three years, studying business administration. She has no criminal history before the events of this case. She has never used drugs or consumed alcohol. She has pled guilty to "Structuring Transactions to Evade Reporting Requirements," in violation of 31 U.S.C. § 5324. (*See* Plea Agreement; PSR at ¶14.) But a departure sentence of probation is warranted here, as Ms. Flowers has (1) accepted responsibility for her actions, (2) took out loans and sold her possessions to pay back $131,000 of the money owed to

the church, and (3) will never do anything like this again.

Like many of us, Cynthia is a God-fearing, yet flawed, citizen.  On January 30, 2015, Ms. Flowers divorced from what was as an abusive marriage.  The experience left her "wrecked"; the abusive relationship lowered her self-esteem and confidence. As a direct result, she engaged in the wrongful behavior that brings her before this Court.  But Ms. Flowers' history shows this crime to be an outlier of a life built upon faith, family, and community service.  She has paid back much of the money she took from the church, and vows to have it all repaid by March of next year.

Cynthia Flowers' life is best reviewed through the lens of those who know her best. Several witnesses have submitted their accounts of Ms. Flowers' virtues for this Court's consideration.   Among the submissions is her pastor, Reverend Marvin Winans. (Ex. 1 – Letter from Pastor M. Winans to U.S. Dist. J. Leitman of 10/03/2016.)  Pastor Winans has known Cindy Flowers "all of her life." (*Id*. at ¶2.) According to Pastor Winans, Cindy is a long-time and founding member of Pastor Winans' church. (*Id*.) Pastor Winans has watched Cynthia Flowers serve God for over twenty-seven years: "Cynthia was there from the beginning, working and sacrificing." (*Id*. at ¶3.)  According to Pastor Winans, Ms. Flowers "worked untiringly throughout the years in every facet of the ministry." (*Id*. at ¶3.)   Indeed, Pastor Winans is "very disappointed" in what Ms. Flowers has done to the Church (*Id* at ¶4.)—but he still believes in Ms. Flowers.  The Pastor wants this Court to know that

Ms. Flowers is still a member of his church, "has shown great remorse," accepted responsibility for her crime, and "has yet to forgive herself for what she did and the pain she caused." (*Id*. at ¶5.)

Judge Donald Coleman also believes in Cindy's capacity for citizenship, selflessness, and service. (Ex. 2 – Letter from Judge D. Coleman of 08/31/2016.) Like Pastor Winans, Judge Coleman has known Ms. Flowers "for many years." (*Id*.) The Judge remarked that Ms. Flowers "is deeply committed to improving the plight of underserved populations in various communities[,]" such as "poverty, illiteracy, conflict resolution, youth violence and a host of other social ills." (*Id*. at ¶1.)  The Judge knows Cindy Flowers to be an "unselfish and uniquely committed," "outstanding lady." (*Id*. at ¶2-3.)

Assistant Pastor Jacqueline D. Ray shares Judge Coleman's account of Ms. Flowers as a dedicated, redeemable woman of faith. (Ex. 3 – Letter from J. Ray to U.S. Dist. J. Leitman of 10/01/2016 ["In the several years I've known Cindy, I've found her to be a woman of integrity, strength, virtue, and compassion; a true woman of God."].)  Assistant Pastor Ray asks this Court to consider "the sincerity of my heart." (*Id*. at 2, ¶1.)  Assistant Pastor Ray believes that Ms. Flowers is a salvageable citizen: "[Ms. Flowers] has expressed great devastation yet has repented; according to the [W]ord of God, she can be restored." (*Id*. at 2, ¶2.)

Likewise, Pastor Cordell Jenkins of Abundant Life Ministries shares Assistant

Pastor Ray's view of Ms. Flowers' potential for restoration.  (Ex. 4 – Letter from Pastor C. Jenkins to U.S. Dist. J. Leitman of 10/01/2016.)  Pastor Jenkins has found Ms. Flowers "to be deeply committed and serious about her relationship with Christ." (*Id*. at ¶2.)  Moreover, the Pastor remarked, "Cynthia's motivation is serving others; whether people in her community, her family or workplace, she exudes a true servant's heart."  (*Id*. at ¶3.)  The Pastor describes Ms. Flowers to be "incredibly remorseful" for what she's done (*Id*. at ¶4.)  He asks this Court to exert "judgment with mercy" in this case.  (*Id*. at ¶5.)  Others have written in support of Ms. Flowers. (Exhs. 5-8.)  The thread binding these accounts submitted reveal a flawed, but faithful woman, one that will not ruin a second chance to be a positive community contributor. Each individual writing this Court on Ms. Flowers' behalf is a community stakeholder.  Each one is confident that Ms. Flowers will lead a law-abiding life, dedicated to others.

Immediately, Ms. Flowers took responsibility for what she'd done and made amends for the harm she caused.  Ms. Flowers cooperated with the government at each phase of this case. Since her arrest, Ms. Flowers has apologized to her church—and paid back money she embezzled from her church.  (Ex. 9.)   Ms. Flowers knows that she disappointed those who trusted her the most.  She is deeply ashamed of what she done.  (Presentence Report ("PSR") at ¶14 ["I feel horrible for my offense. I am very ashamed, regretful and I am very sorry for my actions."].)  Ms.

Flowers has accepted responsibility for her crime; she reached an agreement with the Government to plead guilty to "Structuring Transactions to Evade Reporting Requirements," in violation of 31 U.S.C. § 5324. (*See* Plea Agreement; PSR at ¶14.) She is receiving counseling for her transgressions. With God's help, and community controls, she vows to "never do this or anything like this again."

### *A Fair, Individualized Sentence for Cynthia Flowers*

Sentences must be substantively and procedurally reasonable. *United States v. Sullins*, 529 F. App'x 584, 588 (6th Cir. 2013)(citing *United States v. Gall*, 552 U.S. 38, 51 (2007)); *Kimbrough v. United States*, 552 U.S. 85 (2007)(3553(a)'s overarching instruction to impose a sentence sufficient, but not greater than necessary to accomplish the sentencing goals). *Pepper v. United States*, 131 S. Ct. 1229 (2001)(individualized sentence as a 3553 policy goal). "In appropriate cases… a district court may conclude that the criminal history category overstates the severity of the defendant's criminal history or that a lower sentence would still comply and serve the mandates of section 3553. *United States v. Martin*, 438 F.3d 621, 641 (6th Cir. 2006)("a district court may look beneath the specific criminal history score and advisory guideline calculation to reach the appropriate sentence"); *United States v. Davis*, 537 F.3d 611, 616-17 (6th Cir. 2006)(district courts may consider relevant sentencing factors found outside of the Guidelines, post *Booker*).

### *Cynthia Flowers & The 18 U.S.C. §3553(a) Factors*

Respectfully, a lenient, probationary sentence is warranted under §3553(a) for several reasons.   First, the Sixth Circuit has recognized that payment of restitution can be evidence of remorse and a factor that can justify a lesser sentence. *See*, *e.g.*, *United States v. DeMonte*, 25 F.3d 343, 346 (6th Cir. 1994) ("we have acknowledged that restitutionary payments may constitute 'exceptional circumstances' that justify a downward departure" (citing *United States v. Brewer*, 899 F.2d 503, 509 (6th Cir. 1990)); *United States v. Kim*, 364 F.3d 1235, 1238 (11th Cir. 2004) ("we hold extraordinary restitution, whether paid before or after adjudication of guilt, may… support a departure from the Guidelines….") Here, Ms. Flowers has paid Perfecting Church back $131,000 of the money she embezzled from the Church, on her own—even though restitution is not required or sought here. While the PSR noted that the Church does not wish to be a victim in this case, Ms. Flowers worked hard to pay the money back—because she knows it's the right (and only) thing to do.   *See* Richard A. Posner, *Optimal Sentences for White-Collar Criminals*, 17 AM. CRIM. L. REV. 409, 410, 418 (1980)(arguing that monetary penalties best punish white-collar criminality versus imprisonment).

Second, the views and observations of those who have written letters on Ms. Flowers's behalf provide the Court with the "history and characteristics of the defendant," that Congress has determined to be a central consideration for courts in imposing sentence."   18 U.S.C. § 3553(a)(1).   Ms. Flowers asks that the Court

consider them in its determination of what sort of sentence is needed  "to provide just punishment for the offense," 18 U.S.C.  § 3553(a)(2)(A), and needed "to protect the public from further crimes of the defendant."  § 3553(a)(2)(C).  Taken together, the observations show that a period of probation would be just punishment for Ms. Flowers.

Finally, the likelihood for recidivism is low—to non-existent—for Cindy Flowers. Ms. Flowers's age, gender, and lack of criminal history provide the Court with assurance that there is no need to incarcerate her to protect the public.  *See* United States Sentencing Commission, *Recidivism: Criminal History Computation of the Federal Sentencing Guidelines* (2004)(showing that those in Ms. Flowers' gender and age group have an especially low recidivism rates)[1]; *see also United States v. Carmona-Rodriguez*, 2005 WL 840464, *5 (S.D.N.Y. 2005) (observing that those defendants "over the age of 40 . . . exhibit markedly lower rates of recidivism in comparison to younger defendants.). Further, United States Sentencing Commission's studies show that offenders with no arrest records, like Ms. Flowers, have an even lower rate of recidivism. Thus people like Ms. Flowers are "the most empirically identifiable group of federal offenders who are least likely to offend."

---

[1]      The Sentencing Commission's report on recidivism is available at: http://www.ussc.gov/Research_and_Statistics/Research_Publications/2004/200405_Recidivism_Criminal_History.pdf.

United States Sentencing Commission, *Recidivism and the "First Offender",* May 2004 17.[2]  She is a good candidate for leniency.

The indicia of remorse and rehabilitation Ms. Flowers' upbringing and character reflect the social mores embedded in our constitutional culture. The evidence shows that Ms. Flowers' identity is wrapped in her commitment to exercise her Christian faith.  From the very beginning, she assisted the Government in its investigation of this case, without counsel. She completely and wholeheartedly cooperated with the Agents She shoulders the stigma of stealing from the community that nurtured her, believed in her, and invested in her. Yet every week, and every Sunday, she faces that community, to serve that community. By all accounts, Ms. Flowers is a hard-worker humbled by her transgressions.  That humbling, alone, is severe punishment.  The Court's leniency will not be wasted on Cynthia Flowers.

## CONCLUSION

> *"Blessed is the man whom God corrects…."*
> —THE BIBLE, JOB 5:17

> *"The sense of justice is continuous with the love of mankind."*
> —JOHN RAWLS

Sentencing courts aim to treat defendants as individuals.  *See Koon v. United States*, 518 U.S. 81, 113 (1996) ("It has been uniform and constant in the federal

---

[2]     The Report is available at:
http://www.ussc.gov/Research_and_Statistics/Research_Publications/2004/200405_Recidivism_First_Offender.pdf

judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.") Accordingly, Ms. Flowers respectfully requests this Court to follow that tradition and impose a sentence of probation.

Respectfully submitted,

/s/ *Allison Folmar*

_____

Allison Folmar P60236
Attorney for Plaintiffs-Appellees
29433 Southfield Road
Suite 206
Southfield, MI 48076
(313) 926-7220 (Business Cellular)
Email: allisonfolmargiv@aol.com

DATED: 11/08/2016

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2016, I electronically Defendant's

Sentencing Memorandum with the Clerk of the Court, using the CM/ECF system,

which will send notification of such filing to the following:

Stephen L. Hiyama, Esquire
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226-3277
(313) 226-9790
stephen.hiyama@usdoj.gov

/s/ *Allison Folmar*
_____
ALLISON FOLMAR