UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.  2:16-CR-20439-001 |
| Plaintiff, ) | |
| ) | Hon. Matthew F. Leitman |
| v. ) | U.S. District Judge |
| ) | |
| CYNTHIA FLOWERS, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT CYNTHIA FLOWERS' MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE**

Defendant Cynthia Flowers, by and through undersigned counsel, submits this Motion for Early Termination of Supervised Release and Probation pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3583(e), and 18 U.S.C. §3564(c), and based upon the following facts.

On November 21, 2016, this Court sentenced Cynthia Flowers to a probationary term of twenty-four (24) months. Cynthia Flowers pled guilty to one count in violation of 31 U.S.C. § 5324.  At that time, Ms. Flowers took responsibility for what she'd done; since sentencing, she has made amends for the harm she has caused, and set a path toward a better life.  Ms. Flowers cooperated with the government at each phase of this case. From the inception of this matter, Ms. Flowers has apologized and paid restitution, though not ordered to do so. Ms. Flowers is in full compliance in all areas of supervision. She has completed payment

on her restitution obligation. Prior to filing this petition, defense counsel provided it to the supervising probation officer and the government.

## ARGUMENT

### CYNTHIA FLOWERS IS A GREAT CANDIDATE FOR EARLY TERMINATION UNDER SECTION 3583(e)(1).

Section 3583(e)(1) affords this Court the authority to grant early termination of a previously imposed term of supervised release. *See United States v. Spinelle*, 41 F.3d 1056, 1058 (6th Cir. 1994); *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir 1997). The applicable statute provides:

> (e) Modification of condition or revocation. The court may, after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and(a)(7)(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. §3583(e)(1); see also Fed. R. Crim. Procedure 32.1(c)(1), (2)(B) & (C) (providing for hearings for modifications of supervised release, unless the result is favorable to the person supervised and the government does not object after notice). Moreover, section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early

2

termination:

> Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
>
> 1. stable community reintegration (e.g., residence, family, employment);
>
> 2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;
>
> 3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
>
> 4. no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
>
> 5. no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
>
> 6. no recent evidence of alcohol or drug abuse;
>
> 7. no recent psychiatric episodes;
>
> 8. no identifiable risk to the safety of any identifiable victim; and
>
> 9. no identifiable risk to public safety based on the Risk Prediction Index (RPI).

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added). Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court

3

Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." *Id.*

*Section 3583(e)(1) Factors Applied to Cynthia Flowers*

The applicable factors support Ms. Flowers' request for relief.  Ms. Flowers is the kind of candidate early termination is fashioned for. She has performed well during her period of supervised release: she has a stable job; she has a very caring family and strong community ties; she has had no new contacts with law enforcement, she has paid her special assessment, she has not engaged in any business venture related to the basis for the original Indictment, and she has cooperated with the U.S. Probation Office in any and every way that has been required of her. Ms. Flowers took her obligations to obey all conditions of her supervised release very seriously. Despite her conviction, Ms. Flowers has made a

4

positive contribution to society. Finally, Ms. Flowers poses no risk to public safety. Ms. Flowers's age (46), gender (female), and lack of criminal history provide the Court with assurance that there is no need to incarcerate her to protect the public. *See* United States Sentencing Commission, *Recidivism: Criminal History Computation of the Federal Sentencing Guidelines* (2004)(showing that those in Ms. Flowers' gender and age group have an especially low recidivism rates)[1]; *see also United States v. Carmona-Rodriguez*, 2005 WL 840464, *5 (S.D.N.Y. 2005) (observing that those defendants "over the age of 40 . . . exhibit markedly lower rates of recidivism in comparison to younger defendants.). Ms. Flowers low rate of recidivism places her among "the most empirically identifiable group of federal offenders who are least likely to offend." United States Sentencing Commission, *Recidivism and the "First Offender",* May 2004 17.[2] Accordingly, she is an excellent candidate for relief under section 3583(e)(1).

## CONCLUSION

Accordingly, Ms. Flowers respectfully requests this Court to GRANT her motion for early termination of supervised release, under 18 U.S.C. § 3583(e).

---

[1] The Sentencing Commission's report on recidivism is available at: http://www.ussc.gov/Research_and_Statistics/Research_Publications/2004/200405_Recidivism_Criminal_History.pdf.

[2] The Report is available at: http://www.ussc.gov/Research_and_Statistics/Research_Publications/2004/200405_Recidivism_First_Offender.pdf

5

6

        Respectfully submitted,

        /s/ *Allison Folmar*
        _____
        Allison Folmar (P60236)
        Attorney for Defendant
        29433 Southfield Road
        Suite 206
        Southfield, MI 48076
        (313) 926-7220 (Business Cellular)
        Email: allisonfolmargiv@aol.com

DATED: 12/11/2017

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2017, I electronically filed Defendant's Motion for Early Termination of Supervised Release with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following:

Stephen L. Hiyama, Esquire
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226-3277
(313) 226-9790
stephen.hiyama@usdoj.gov

/s/ *Allison Folmar*
_____
ALLISON FOLMAR